State vs. Rector.

## No. 8892.

THE STATE OF LOUISIANA VS. EDWARD ALIAS VALMORE RECTOR.

An objection made to the time of drawing the jury, without charging fraud or wrong, as required by Section 10 of Act 44 of 1877, cannot be considered.

The authentication of the clerk to the copy of an indictment extends to the body of the instrument, and to the indorsement thereon, where both are in the hands of the attesting deputy.

The Statute, R. S. 992, does not expressly say: that the list of jurors to be served on the accused shall be attested by the clerk under his official signature. Where the list issued and admitted to have been served, is a newspaper clipping, which bears the impress of the seal of the court, and which ends with the words: *a true copy*, followed by the printed name of the deputy clerk; where no complaint is made that the list is otherwise defective, where the list is truly an exact copy of the original, and where there is no injury shown, substantial compliance with the law cannot be denied.

The looseness with which the documents were issued by the clerk is censurable.

Oral testimony is admissible to prove the contents of a dying declaration, *first* proved to have been lost.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Sherburne, J.*

*J. C. Egan,* Attorney General, for the State, Appellee.

Defendant unrepresented in this Court.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendant, indicted for murder and convicted, appeals from the sentence of death passed upon him.

The record contains three bills of exception.

The *first* relates to the time at which the jury was drawn.

The *second* refers to the irregularity of the copy of the indictment and the list of jurors served, and to the irrelevancy of oral testimony to prove the irregularity and to show service.

The *third* concerns the admission of oral testimony to prove the contents of the dying declaration.

### I.

The complaint in the first bill is, that the jury was not drawn at least fifty days previous to the term of the court.

The bill does not allege that the objection charged " that some fraud had been practiced, or some great wrong committed in the drawing and summoning of the jury, that would work an irreparable injury."

This charge not having been made, and being essentially required by Sec. 10 of Act 44 of 1877, p. 58, the complaint cannot be considered. 33 An. 141; 34 An. 118.

### II.

The document served on the prisoner, as a copy of the indictment,

State vs Rector.

accompanies the transcript.    It is apparently a fac-simile of the origi-
nal, of its face and indorsement,. the printing in the former being
repeated in both, and the writing transcribed with accuracy.    It is
certified by a deputy clerk, under the seal of the court, *as a true copy.*
This certificate covers both the face and the indorsement, the original
blanks in which are filled by the same hand.

The list of jurors served is also attached to the transcript.   It is a
clipping from a newspaper, on which the seal of the court is impressed
and at the foot of which appear the words, *a true copy,* followed by the
printed name of the same deputy clerk.

The provisions of the Statute are:   "Every person who shall be
indicted for any capital crime, or any crime punishable with imprison-
ment at hard labor for seven years or upwards, shall have a copy of the
indictment, and the list of the jury which are to pass on his trial, deliv-
ered to him at least two days before his trial."   R. S. 992.

The law does not expressly say, that the list of the jury to be served
shall be certified by the clerk, under his official signature, as a true
copy.

Substantial compliance with the requirement of the law cannot be
denied, where the list was authenticated by the impress of the seal of
the court, and served by the executive officer of the court; where no
averment or complaint is made that such list is incomplete, defective,
or incorrect in any other respect, and where a comparison of it with
the original list shows that it is an exact copy, and where it does not
appear that any injury was sustained.   The accused was entitled to a
list of the jurors, and such list was furnished him.   28 An. 631.

It is needless to pass upon the other part of the bill of exception,
for the reasons, that we ignore the testimony and evidence received
and objected to *as irrelevant* by the accused ; that the service of the
indictment and list of jurors are admitted by the objection itself, and
that the regularity of the copies was the only matter really contested.

We feel constrained, however, to censure the looseness with which
both the copy of the indictment and the list of the jurors were issued
by the clerk, through his deputy, for whose acts he is answerable.   It
seems to us, that documents of that importance should have been put
in such unassailable form as would have successfully resisted all possi-
ble technical attacks as to authenticity.   It is to be hoped that irreg-
ularities of such gravity as have been charged in the present instance,
will in future be guarded against and not again occur.

III.

The last bill is to the admission of oral testimony to establish the
contents of the paper containing the dying declaration of the deceased.

The loss of that document having first been established, and not being disputed, there was no other course to be pursued than to prove its contents by secondary evidence. Were oral testimony inadmissible in such a case, the suppression, loss, or destruction of such proof could easily often secure a verdict of acquittal, in a clear case of felonious homicide. The rule in such cases is too well known and elementary to demand special reference to authorities. Waterman Cr. D. 297 ; Roscoe Cr. Ev. 8.

Convicted murderers cannot avert, on flimsy technicalities, the high pains and penalties inflicted by conservative laws, which they have wilfully provoked and brought upon themselves.

Judgment affirmed.