On Rehearing.[1]
MONROE, C. J.
Further considerations of this case satisfies us that the trial judge was in error in holding that one of the two witnesses to the' supplementing of the general venire box, from which were drawn the petit jurors by whom defendant was tried, was a competent witness. The law (Act No. 58 of 1904, § 4, p. 137) declares that the members of * the ■ commission, or a majority of them, shall meet “in the presence of two or more competent and disinterested witnesses of lawful age, competent to read and write the English language.” From the examination of the witness above referred to, upon the hearing of the motion challenging the array of petit jurors, we find that he was unable to read and write the English language to any appreciable extent. Thus, after admitting that he could not read the pro-c&s verbal of the commission, of September 3 and December 7, 1918, which bore his signature, or the preamble to the Declaration of Independence, or anything contained in a child’s first reader, that was exhibited to him, and could not write a few words in English saying that he could write in that language, he was asked, “The sum and substance of your testimony is that you cannot read and write the English language?” and he answered, “Non.”
Counsel for defendant, in his application for rehearing, insists upon a rigid adherence to the letter of the law and to the discharge by this court of what he conceives to be the duty of reversing the judgments of the trial courts in all cases in which irregularities have been condoned or ignored; but it appears to us that in so contending the learned counsel loses sight of the fact that section 15 of Act No. 135 of 1898 is as much a part of that statute and of the law of this state as any other section of any other statute, that the courts are under the same obligation with respect to its interpretation and enforcement as with respect to any other law, and that that section declares:
“That it shall not be sufficient cause to challenge the general venire selected for any session of the court or portion thereof or for service at any time in any parish or district of this state, or set aside the venire, because some of the jurors are not qualified to act, nor because of any other defect or irregularity in the manner of selecting the jury as above provided; and no such defect or irregularity in the selection thereof or the summoning of the jury, shall he sufficient cause, if it shall not appear that some fraud has been practiced or some great wrong committed in the selection and the summoning of the jury that would work irreparable injury,” etc.
The section thus quoted (in part) has been interpreted to mean that a challenge shall not be sustained or venire set aside because of defects and irregularities in the manner of selecting or summoning the jurors unless some fraud has been practiced, or great wrong committed that would work irreparable injury, and we take it to be just as much the duty of the courts to hold that such defects and irregularities shall be ignored as to hold that the law shall be enforced to the letter in any other respect.
The question first to be considered in this case then is whether the fact that one of the two witnesses present at the supplementing of the general venire box did not possess the qualifications prescribed by law, in that he was unable to read and write the English language, constituted a defect or irregularity in the manner of selecting or summoning the jurors such as amounted to a fraud or a great wrong that would work irreparable injury.
There is no attack upon the constitutionality of the statute, and though it is alleged (in *635 the motion) “that the procés verbal fraudulently states that the witnesses are competent,” the evidence is conclusive to the effect that there was no thought of fraud in the matter, but that the clerk, by whom the witness was requested to act, believed, and had good reason to believe, that he was competent. It is not alleged, or pretended, that any wrong was[1] committed, other than the denial of what counsel considers his client’s legal right, the allegation of the petition for rehearing reading, in part:
“Certainly, there was no personal injury; but when the law and statutes and decisions of our Supreme Court are not observed, then there is great wrong and injury, viz. a legal wrong and injury, which is worse than a personal injury; * * * when the laws are not adhered to, then it is a legal injury to the grossest extent, and is such a legal irregularity that it should be unnecessary to allege injury.”
Section 4 of the act of 1898 (page- 218), however, provides for the selection of the jurors whose names are to be put into the general venire box and the supplementing from time to time of the list, and the language requiring the presence of two competent witnesses is as specific and mandatory as that which creates the jury commission and declares that the members thereof, or a majority of them, including the clerk of the court, shall perform those functions. It has accordingly been held by this court that the presence of the witnesses is as essential to the validity of the proceedings as is that of the commissioners; that no lawful meeting of the commission can be held, “in the absence of the statutory witnesses,” who are vested with supervisory powers and must sign the procés verbal of the proceedings; and hence that, where the commissioners assume to act without such statutory witnesses, their action is not merely irregular and defective, but void for lack of authority. State v. Feazell, 114 La. 533, 38 South. 444.
It is therefore ordered that our decree,heretofore entered in this case, be set aside, and it is now adjudged and decreed that the conviction and sentence appealed from be annulled, and that this case be remanded to the district court to be there proceeded with according to law and to the views expressed in the foregoing opinion.

 Original opinion not published by order oí court.