(107 So. 564)

No. 27663.

## STATE v. JENKINS.

(March 1, 1926.)

*(Syllabus by Editorial Staff.)*

**I. Indictment and information** ⬥139.

Under Act No. 135 of 1898, § 16, motion to quash indictment for irregularity in drawing jurors may be filed any time before trial.

**2. Jury** ⬥59(½)—**That jury commission did not meet within 30 days after appointment held not to invalidate subsequent acts.**

That jury commission did not meet within 30 days after their appointment *held* not to render acts done by them thereafter without legal effect, where failure to meet within 30 days after appointment was due to lack of business in parish justifying calling of grand jury and nothing for petit jury to do.

**3. Jury** ⬥59(4)—**Failure of member of jury commission to take oath within 30 days after appointment held not to render commission incomplete.**

That member of jury commission did not take his oath within 30 days after his appointment *held* not to render jury commission incomplete and its acts illegal, where such member was member of commission preceding year, and in any event qualified to act under his prior appointment.

**4. Jury** ⬥59(1)—**Irregularity in matter of initials and names of members of jury commission held not to affect legality of commission's acts.**

That "Ned Kiser" was appointed member of jury commission, whereas oath of office was signed by "Ned L. Kiser," and that "James M. Allen" was appointed and qualified as member of commission, whereas "Jim Allen" participated as member of commission, *held* not to affect legality of commission's acts, in view of court's statement that parties were identical in each instance.

**5. Jury** ⬥65—**That jury commission emptied general venire box and refilled it with new names held not to affect legality of subsequent acts (Act No. 135 of 1898, § 15).**

That jury commission at first meeting, pursuant to order of court, emptied venire box and refilled it with 300 new names, *held* not to affect legality of commission's acts in view of

Act No. 135 of 1898, § 15; no irreparable injury to defendant being shown.

**6. Jury** ⬥59(1)—**Court's testimony on motion to quash venire concerning residence of persons appointed as jury commissioners held not objectionable as enlarging original order (Act No. 135 of 1898, § 3).**

Where order of court appointing jury commissioners showed that they were citizens and residents of parish but did not set forth wards in which they severally resided, court's own testimony, at hearing on motion to quash venire of jurors concerning residence of commissioners appointed, was not objectionable as varying, contradicting, and enlarging original order; there being no requirement in Act No. 135 of 1898, § 3, that commissioners be appointed from different wards.

**7. Criminal law** ⬥829(1).

Refusal of requested charges concerning matters fully and completely covered by court's general charge is not error.

**8. Criminal law** ⬥1111(3).

Where statement of acts in bill of exception varies from statement appearing in statement per curiam, latter must be assumed correct.

Appeal from Eighth Judicial District Court, Parish of La Salle; F. E. Jones, Judge.

James Oswald Jenkins, alias J. Ausey Jenkins, was convicted of manslaughter, and he appeals. Affirmed.

Moss & Peters, of Winnfield, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and Harry Fuller, Dist. Atty., of Winnfield (John R. Hunter, of Alexandria, C. W. Flowers, of Jena, and E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

ROGERS, J. The defendant was indicted, convicted, and sentenced for the crime of manslaughter, and now prosecutes this appeal.

Defendant was arraigned on October 9, 1925, and pleaded not guilty. His case was then fixed for trial for October 26, 1925, which was the first day of the criminal term of the court. On that day, at motion hour,

and before his case was called for trial, defendant filed a motion to quash the venire drawn to serve as petit jurors for the week beginning October 26, 1925. This motion was tried and overruled, and a bill of exception was reserved. The bill of exception appears in the record as No. 1, and attached thereto, as part, is the motion to quash, the testimony adduced, and the documents offered on the trial of the motion.

[1] Counsel for the state contend that the motion to quash cannot be considered because it was filed subsequently to the arraignment of the defendant, and they cite State v. Thomas, 75 So. 241, 141 La. 560, in support of their contention. A reference to that case will show, however, that while, on the original hearing, this court held, based on Act 44 of 1877, all objections to the manner of drawing juries or to defects or irregularities pleadable against an array or venire must be urged before the arraignment, on rehearing the opinion was recalled, and the final decision of the court was that, under section 16 of Act 135 of 1898, a motion to quash an indictment on the ground of irregularity in the drawing of juries may be filed at any time before entering upon the trial of the case.

The motion to quash is quite lengthy, but, as we appreciate its tenor, the contentions therein set forth may be condensed into the following legal propositions, viz.:

(1) That the jury commission, having failed to meet within 30 days after their appointment, could not meet thereafter to select a legal jury.

(2) That J. B. Wright, who was appointed a member of the jury commission on March 12, 1925, failed to take his oath of office within 30 days after his appointment, and in consequence thereof the jury commission was incomplete when it met for the purpose of drawing the petit jury for the ensuing October term.

(3) That the order of court appointed "Ned Kiser" as a member of the jury commission, whereas the oath of office was signed by one "Ned L. Kiser."

(4) That the court appointed "James M. Allen" as a member of the jury commission, and that "James M. Allen" qualified and took the required oath, but that one "Jim Allen" was present and participated as a member of the jury commission in the drawing of said petit jury.

(5) That when the jury commission met, it proceeded, under an order of court, to purge the general venire box by taking therefrom all the names and refilling said box with 300 other names; that this action of the jury commission was unauthorized, since they were only empowered to remove such names from the general venire box as were disqualified to serve; and that defendant was deprived thereby of the right of having a jury drawn in the manner prescribed by law.

We will discuss and determine the foregoing propositions in the order of their statement.

[2] 1. There is no merit in this contention. The statement per curiam shows that the reason the jury commission did not meet within 30 days after their appointment was because there was no business in the parish that justified the calling of the grand jury, and that there was nothing for the petit jury to do; that it would have been a useless consumption of time and waste of money to have called the jury commission together for the purpose of selecting a grand jury and drawing a petit jury when there was nothing for those bodies to do. We think the explanation is entirely reasonable. In these circumstances, it is evident that the defendant was not prejudiced. State v. Rector, 35 La. Ann. 1098.

[3] 2. This complaint is unfounded. J. B. Wright was already a member of the jury commission under an appointment made in the year 1920. He was reappointed in the year 1925. Even had he forfeited his right

to the office by allowing more than 30 days to elapse before taking the prescribed oath under his new appointment, which it is not necessary for us to decide here, he was, nevertheless, qualified to act under his first appointment. State v. Thomas, 75 So. 241, 141 La. 560.

[4] 3 and 4. These points may be considered together. Ned Kiser in signing his oath uséd his middle initial. James M. Allen affixed his signature as Jim Allen, the name by which he is commonly known, to the procès verbal of the jury commission. In his statement per curiam, the trial judge shows that Ned Kiser and Ned L. Kiser was one and the same party and that James M. Allen and Jim Allen was one and the same party; that both of said parties were well known to him; that they are the ones whom he appointed and who qualified under his said appointment. This disposes of defendant's objection.

[5] 5. Defendant's proposition is untenable. The trial judge assigns, as his reasons for his order to empty the general venire box and to refill it with 300 new names, that it was the first meeting of the jury commission, and that he was acting within his authority and discretion. Be that as it may, the defendant has not shown that any fraud has been practiced upon him, or that some great wrong was committed in the drawing of the jury that worked an irreparable injury to him. Section 15, Act 135 of 1898. See, also, State v. Nockum, 6 So. 729, 41 La. Ann. 689. We do not find any conflict between this view and the decision in State v. Avis, 82 So. 729, 145 La. 632.

[6] Bill of exception No. 2 was reserved to the action of the trial judge in testifying, over defendant's objection, concerning the residence of the parties whom he had appointed as jury commissioners. The basis of the objection is that the effect of the testimony was to vary, contradict, and enlarge the original order of court. The judge sustained the objection in so far as it af-fected the parties concerned, but overruled it in so far as the testimony tended to show from what wards the jury commissioners were appointed. The order of court contained the names of the jury commissioners, and also showed that they were citizens and residents of the parish of La Salle. It failed, however, to set forth the wards in which the parties resided. The judge merely testified where the jury commissioners lived and that they were the ones whom he had appointed. We do not find that he erred in so doing. Moreover, the law does not require that the jury commissioners shall be appointed from the different wards in a parish. All that the statute exacts is that the district judge "shall select and appoint five discreet citizens and good men and true able to read and write the English language," who, together with the clerk of court, or his chief deputy, compose the jury commission for the parish. Section 3, Act 135 of 1898.

[7, 8] Bill of exception No. 3 was taken to the charge of the judge on the law of self-defense and on his refusal to give a special charge with respect to the right of self-defense and what constituted an abandonment on the part of the one shown to have been the aggressor. The judge gave a part of the charge tendered to him by counsel for defendant, and assigns as his reasons for refusing to give the remainder of said charge that the general charge covered a part of the instructions requested, and that the other portions of said special charge were not borne out or warranted by the evidence adduced on the trial. There is a considerable variance between the statement of facts contained in the bill of exception and the statement of facts appearing in the statement per curiam. In these circumstances, we must assume that the statement of facts as set forth by the trial judge is more accurate. A copy of the general charge, which was in writing, appears in the transcript. We have carefully examined it, and our conclusion is that, both

on abstract principals and as affecting the facts of this case, it was a full and complete explanation of the law of self-defense. This bill therefore presents no reversible error.

Bill of exception No. 4 was reserved to the action of the court in overruling a motion for a new trial. The motion was based on the alleged errors of law raised by the preceding bills of exception. For the reasons set forth in our discussion of those bills, we think a new trial was properly refused.

For the reasons assigned, the conviction and sentence appealed from are affirmed.