(114 So. 92)

No. 28506.

## STATE v. COLEMAN et al.

July 11, 1927. Rehearing Denied Oct. 4, 1927.

*(Syllabus by Editorial Staff.)*

1. **Jury** &#x6da9;131(4)—Refusal to permit defendant's counsel to question prospective juror relative to believing defendant held not denial of any right.

Refusal to permit defendant's counsel to question prospective juror on his voir dire relative to whether he would believe defendant as readily as any other witness *held* not to constitute denial to defendant of any right, where juror had previously answered satisfactorily and qualified on such particular point.

2. **Jury** &#x6da9;131(4)—Defendant, becoming witness, is without right to ascertain in advance what juror may think of his credibility.

When a defendant becomes a witness in his own behalf, he is under the same rules and on the same footing as any other witness, and is without right to ascertain in advance what a juror may think of his credibility.

3. **Larceny** &#x6da9;45—Testimony concerning original mark and color of hog, alleged to have been stolen, held admissible.

In prosecution for hog stealing, testimony of witness relative to original mark and original color of hog, *held* admissible, as conclusions from facts which had come under observation of witness and were within his knowledge.

4. **Criminal law** &#x6da9;404(4)—Ears of hog alleged to have been stolen held admissible; weight thereof being for jury.

In prosecution for hog stealing, ears taken from hog and properly identified *held* admissible in evidence; weight thereof being question for jury.

5. **Criminal law** &#x6da9;786(6)—Where court instructed to disregard questioning defendant as to former indictment, failure to state that defendant had been acquitted held not error.

Where defendant, while on stand under cross-examination, was questioned as to whether he had not previously been prosecuted for larceny, and court, on objection, instructed jury to disregard the question, failure to advise jury that indictment showed acquittal on such charge *held* not erroneous.

164 LA.—15

6. **Criminal law** &#x6da9;1170½(6)—Error held not to result from cross-examining defendant relative to being asked to leave country, where testimony was ruled inadmissible.

Where defendant was asked on cross-examination relative to being asked to leave country on account of hog stealing, and answered in the negative, error did not result, where testimony was ruled to be inadmissible, and jury instructed to disregard it.

7. **Criminal law** &#x6da9;730(3)—District attorney's offer to rebut defendant's answer denying being run out of country for hog stealing held not to require reversal.

In prosecution for hog stealing, action of district attorney in stating in presence of jury that he desired to rebut answer given by defendant, denying that he had been run out of country because of hog stealing, *held* not to require reversal, in view of fact that objection was sustained, question and answer ruled out, and jury instructed to disregard testimony.

8. **Criminal law** &#x6da9;447—Owner of hog alleged to have been stolen held properly permitted to testify as to purchase of recorded mark from owner.

Where complaining witness in prosecution for hog stealing had testified relative to recording mark, he was properly permitted, after introduction of official record book showing that mark was of record in name of another, to explain that he had purchased such mark from person in whose name it was recorded, and that mark recorded in his name was in reality one owned by his wife.

9. **Criminal law** &#x6da9;814(2)—Instruction that opinion evidence not proceeding from experts was not evidence held properly refused, as being inapplicable.

Instruction, in prosecution for hog stealing, to effect that opinion evidence which did not proceed from experts was not evidence, was properly refused, as being inapplicable to facts of case.

10. **Jury** &#x6da9;117—Challenge to array must be presented before trial (Act No. 135 of 1898, § 16).

Under Act No. 135 of 1898, § 16, challenge to array of jurors must be presented before entering on trial of case.

Appeal from Ninth Judicial District Court, Parish of Grant; R. C. Culpepper, Judge.

Perry Coleman and another were convicted of hog stealing, and they appeal. Affirmed.

Overton & Hunter, of Alexandria, and C. H. McCain, of Colfax, for appellants.

Percy Saint, Atty. Gen., Cleveland Dear, Dist. Atty., of Alexandria, and E. R. Schowalter, Asst. Atty. Gen., for the State.

ROGERS, J. The defendants were charged with hog stealing. They applied for a bill of particulars, in answer to which, the state set forth, among other things, that "the color of the hog was black" and that the "mark originally on the hog was a crop in the left ear and a split in the right." On their trial, they were convicted, and, in due course, were sentenced, each to a term in the penitentiary. This appeal is from the conviction and sentences, and 11 bills of exception are relied upon for a reversal thereof.

[1, 2] Bill No. 1. The trial judge refused, upon objection by the state, to permit defendants' counsel to ask a prospective juror on his voir dire the following question, viz.:

"Would you believe the accused, if his story is reasonable, as readily as you would believe any other witness?"

The basis of the objection urged by the state was that the juror had qualified in regard to the matter inquired about, and that it was an attempt on the part of the defense to have the juror swear before being accepted that he would believe the testimony of the accused. In his statement per curiam, the trial judge shows that the juror had previously answered satisfactorily and qualified on this particular point. There was, therefore, no denial to defendants of any right, conceding they enjoyed such right, by the ruling refusing to permit them to ask a question which had been previously propounded and answered one or more times, and which was not one requiring an extended examination of the venireman. Moreover, when a defendant becomes a witness in his own behalf, he is under the same rules and on the same footing as any other witness, and is without right to ascertain in advance what a juror may think of his credibility as a witness. All such questions would tend to confuse and entrap jurors, rendering the selection of a legal jury almost impossible. State v. McIntosh, 141 La. 150, 74 So. 886. See, also, State v. Dyer, 154 La. 379, 97 So. 563. The ruling complained of is correct.

[3] Bill No. 2. This bill was taken to the admission, over objection, of certain testimony given by one Wiley Walker, a witness examined by the state, and not cross-examined. Defendant contends, in his bill, that the witness was permitted to testify concerning the original mark on, and original color of, the hog, after having declared that he did not know either said mark or color. His objection was that it was opinion evidence; that no foundation had been laid for its admission; and that the testimony was in contradiction of the bill of particulars both as to color and mark.

The statement per curiam shows that it was the contention of the state that the hog alleged to have been stolen was a black hog, and that the original mark on the hog had been changed. The hog was first noticed by the witness in the market in the town of Pollock, and he called the butcher's attention to the fact that it had been freshly re-marked, leaving a part of the old mark showing. The witness was experienced in marking and dressing hogs, and was well qualified to tell the jury the color of the hog. He testified there was an old mark which he could readily see, but, because of the fact that the ear had been freshly cut, he was unable to swear positively what the original mark was. He also testified concerning the color of the hog.

We do not find anything in this testimony contradictory of the averments of the bill of particulars, nor do we think it was opinion evidence. The witness was asked

to state certain facts, conclusions from other facts, which had come under his observation and were within his knowledge. This was permissible. State v. Southern, 48 La. Ann. 628, 19 So. 668. The bill is, therefore, untenable.

[4] Bill No. 3. This bill was reserved to the introduction in evidence of the ears taken from the hog. The objection was that the ears had not been identified, and that they bore a different mark from the one set forth in the answers to the bill of particulars.

The statement per curiam makes it clear, however, that the ears were properly identified; that they were the same ears which had been taken from the hog by the witness Johnson and kept by him since their removal. The ears showed a part of the old mark, as well as the new mark. The answers to the bill of particulars did not state the mark on the ears as found in the market, but the mark as it appeared on the ears previous to the change. All of the evidence introduced by the state sought to connect the ears with the hog that was stolen. The weight to be given to the evidence was a question for the jury. We do not find any error in the ruling of the trial judge.

[5] Bill No. 4. The bill recites, in substance, that while the defendant Coleman was on the stand under cross-examination he was asked by the district attorney, who exhibited an indictment in the presence of the jury, if he had not been prosecuted for larceny by one of his counsel when he was district attorney. The court, upon objection, instructed the jury to disregard the question. Defendant complains, however, that neither the court nor the district attorney advised the jury that the indictment showed his acquittal on the charge.

In his comment upon this bill, the trial judge shows: that, while the defendant in question was on the stand, his attorney announced to the district attorney and to the jury that he wanted them to know some-

thing about the defendant, and his questions directed to that end were admitted by the court, over the objection of the state. That on cross-examination defendant was asked by the district attorney if he had not been prosecuted for larceny; the court and the date being given. The court did not recall whether he added when his counsel was district attorney. That the district attorney may have had an indictment, but it was not exhibited as stated in the bill. That the court never saw the indictment and could not state in what manner it was indorsed. That, immediately upon the question being asked by the district attorney, it was objected to by the defense, which objection was sustained and the jury instructed to disregard it; and the district attorney did not pursue the inquiry further. There is no merit in the bill.

[6] Bill No. 5. The defendant Coleman was asked, on cross-examination:

"Isn't it a fact that at one time a committee of citizens called on you to leave the country on account of hog stealing?"

Without objection by his counsel, although he had ample time to interpose such objection, the witness answered in the negative. His counsel then objected to the question and its answer. The objection was sustained, the testimony was ruled to be inadmissible, and the jury was instructed to disregard it. In these circumstances, we fail to see wherein the defendant was injured. The bill is untenable.

[7] Bills Nos. 6 and 7. It is contended in these bills:

That, while the defendant Coleman was on the stand and after the matters set out in bills 4 and 5 had occurred, the district attorney, in the presence of the jury, made the following statement:

"I'd like to know whether the counsel for the defendant would permit me to rebut the answer given by the defendant that he had not been run out of the country on account of hog stealing, because I have a number of witnesses in

the courtroom by whom I can prove that he was run out of the country by a committee of citizens."

And that he then added:

"I now call on the defendant's counsel to know whether I can use these witnesses."

That these remarks were objected to, and defendant called upon the court to instruct the jury to disregard the same. That, while the trial judge did not decline to so charge, he did not instruct the jury to disregard the remarks, and himself asked counsel for the defendant if he would permit the district attorney to put the witnesses referred to by the district attorney on the stand for the purpose of rebutting the denial entered by the defendant. That the statement of the trial judge amounted to a comment on the facts of the case, adding credence and weight to the remarks of the district attorney.

In his statements per curiam, the trial judge takes issue with the recitals of the bills of exception. He sets forth: That, immediately after the question was asked and answered as indicated in bill No. 5, there was an objection, and an argument was indulged in between counsel for the defendant and the district attorney. That, before he was able to rule on the objection, the district attorney asked counsel for defendants if he would object to his rebutting the evidence which had been given to the jury by the accused without objection. The position of the prosecution was that, inasmuch as counsel had permitted the question to be answered in the negative without objection, in the absence of a request for instructions to the jury to disregard the answer, the state should be allowed to rebut it. The request was made to the court while counsel for defendants was arguing his objection, and, counsel for defendants apparently not understanding the request, the court merely informed counsel for defendant that the district attorney wished to know if he would be allowed to re-

but the evidence. The district attorney did not say either to the court or to the jury that he had a number of witnesses in the courtroom by whom he could prove that the accused had been run out of the country.

The trial judge states: That, in order to rule on the matter at issue, and in order to understand the position of both the state and the accused, he merely called the attention of the latter to the request of the district attorney. That he said nothing and did nothing tending to prejudice the jury against the defendants. Counsel for defendants having finally answered that he would object to such rebuttal testimony, the court sustained the objection and settled the entire dispute by ruling out both question and answer and instructing the jury to disregard the testimony. In view of the statement of the trial judge, the bills are without merit.

[8] Bill No. 8. Defendant offered in rebuttal of the evidence of the prosecuting witness the official record of the parish of Grant. The prosecuting witness was then recalled for the purpose of giving certain explanatory testimony, which was objected to, on the ground that it contradicted the record and was not rebuttal evidence. The evidence was admitted, resulting in the reservation of the bill.

The record shows that the prosecuting witness was asked, on cross-examination, if his mark had not been recorded. In reply, he stated that he thought it had been, and then added that, whether it was recorded or not, it had been his mark for 40 years. The defendants, after the state closed its case, placed in evidence the mark and brand book of the parish of Grant, which disclosed that the mark was recorded in the name of George W. Gray, and that the witness had a mark of record different from the one recorded in the name of Gray. Both marks were recorded on the same day. The state placed the prosecuting witness back on the stand to explain the recordation of the marks. He testified that he had purchased the mark

from Gray, who was his brother-in-law, and that the other mark recorded in his name was in reality a mark owned by his wife. In these circumstances, we think the evidence was admissible; its effect being for the jury to determine.

[9] Bill No. 9. This bill was taken to the refusal of the trial judge to charge the jury: "That opinion evidence that does not proceed from experts is not evidence." The charge was refused on the ground that it was not applicable to the facts of the case. We see no error in this ruling.

Bill No. 10. The bill was taken to the overruling of a motion for a new trial reiterating the errors alleged in the preceding bills of exception, which we have disposed of adversely to the contentions of the defendants.

Bill No. 11. An exception was reserved to the overruling of a motion in arrest of judgment. The motion was based upon the ground that the jury which tried and convicted the defendants was without jurisdiction to do so, for the reason that it had been discharged by the court, and was therefore disqualified.

The jury was drawn for service in October, 1926. The court met on the 4th day of that month, when the following order was entered upon the minutes, viz.:

"It appearing that there will be no jury cases, the petit jury ordered to report on October 18th is hereby dispensed with, and the sheriff is ordered to notify them not to report for duty."

On January 10, 1927, the court issued an order, directing the jury drawn for service on October 18, 1926, to report for service on January 17, 1927.

The trial judge states that the jury was never discharged; that it was ordered not to appear because it was evident that there would be no jury cases for trial in the fall; that it was called later, when its services were required.

[10] We do not think there is any force in the objection; but it is unnecessary to discuss it, since it came too late. It is, in substance, a challenge to the array which must be presented before entering upon the trial of the case. Act No. 135 of 1898, § 16; State v. Thomas, 141 La. 560, 75 So. 241; State v. Roberson, 159 La. 562, 105 So. 621; State v. Jenkins, 160 La. 757, 107 So. 564.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

OVERTON, J., recused.