11 So.2d 1

STATE ex rel. PEREZ, Dist. Atty., v. LI-VAUDAIS, Acting Judge.

No. 36891.

Nov. 4, 1942.

Rehearing Denied Nov. 30, 1942.

Leander H. Perez, Dist. Atty., of New Orleans, for relator.

R. A. Dowling, of New Orleans, (Frank Wm. Hart and Emmet Alpha, both of New Orleans, of counsel), for respondent Judge.

FOURNET, Justice.

Leander H. Perez, District Attorney for the Twenty-Fifth Judicial District Court of Louisiana, applied to this court for peremptory writs of mandamus and prohibition, seeking (1) to have set aside the ex parte order of Honorable Oliver S. Livaudais, Sr., judge of said Judicial District, quashing the grand jury and petit jury venires, which order, the relator alleged, was rendered arbitrarily and without legal cause, and (2) to have the judge ordered not to interfere with the orderly impaneling and functioning of the grand and petit juries for the next criminal term of court. Alternative writs were issued returnable on the 16th of October, 1942, directing the judge to transmit the entire record in the matter to this court, in order that the validity of the proceedings may be ascertained and to show cause why the relief prayed for should not be granted. Pending

a determination of the matter, a stay order was granted.

In response to the rule the respondent judge filed (1) a motion to dismiss; (2) exceptions of no right and no cause of action; and (3) an answer. The motion to dismiss is based on the grounds (1) that the action was brought against "Oliver S. Livaudais, Sr., Acting Judge", a non-existing official; and (2) the District Attorney is without interest either individually or in his official capacity to bring this suit or stand in judgment. The second ground for the motion to dismiss also forms the basis for the exceptions of no cause and no right of action. On the merits, the respondent answered the allegations of the petition categorically and, in justification of his action in the matter, he averred that the reasons assigned in the order were good, valid, and sufficient to support his action. Further he contends that the impaneling of juries being under the exclusive control of the District Judge, it is within the inherent right and power of the judge to set aside and quash a jury venire if, in his opinion, such action is "to the best interest of peace of the community."

The first ground urged for the dismissal of these proceedings is without merit. While it is true that in the title given by the relator in his application to this court for writs the respondent is referred to as Oliver S. Livaudais, Sr., Acting Judge, however, in the application itself there appears the allegation that the respondent was commissioned by the Governor, as judge of

the Twenty-Fifth Judicial District Court, to fill the unexpired term in that office and that it was while acting in that capacity he issued the order complained of here.

 The second ground urged, which also forms the basis of the exceptions of no cause and no right of action, is equally untenable, for it is provided in the Code of Criminal Procedure that the District Attorney "is the representative of the public and the legal adviser of the grand jury. * * *" Article 18, and "subject to the supervision of the Attorney-General, * * * the District Attorney shall have entire charge and control of every criminal prosecution instituted or pending in any parish wherein he is district attorney, and shall determine whom, when, and how he shall prosecute; * * *." Article 17.

It is our opinion, therefore, that it is one of the functions of the District Attorney's office to take the necessary and proper action in seeing that all proceedings in connection with grand jury matters or criminal cases are conducted in an orderly and legal manner.

The motion to dismiss and the exceptions of no cause and no right of action are overruled.

The record discloses that Honorable Henry L. Himel, Judge of the Twenty-Third Judicial District Court of Louisiana, who, under authority of the Constitution of 1921, Section 12 of Article 7, had been assigned by order of this court to supersede Judge J. Claude Meraux, and to perform the functions of his (Meraux's) office as Judge

of the Twenty-Fifth Judicial District Court, issued an order on the 2d of July, 1942, directing the jury commission for the Parish of Plaquemines to meet at the office of the District Court to supplement the general venire list of 300 names and from this list, to select the grand jury venire and to draw the petit jury venire to serve for the regular criminal term of the court in October, 1942. Pursuant to this order the Jury Commission met July 10, 1942, and after supplementing the general venire list selected the grand jury and petit jury venires which were published in the official journal of Plaquemines Parish and copies of said lists were handed to the sheriff in order that the persons composing the two lists might be summoned.

On August 5, 1942, Oliver S. Livaudais, Sr., respondent herein, was issued a commission as District Judge for the Twenty-Fifth Judicial District Court of Louisiana to fill the unexpired term in that office caused by the removal of Judge Meraux. On September 28, 1942, the respondent, who in the meantime had been defeated for the Democratic nomination for the office which he held, issued, ex proprio motu, the order complained of here, whereby the grand jury and petit jury venires selected, pursuant to the order of Judge Himel, were quashed. He assigned as his reasons therefor, in effect, that (1) the atmosphere under which the jury commissioners operated was unfavorable because of a bitter political strife in progress at the time; (2) that the clerk of court, Allen L. Lobrano, and his brother, Frank

J. Lobrano, Jr., chief deputy clerk, were both in the Armed Forces and "while they were ably represented by * * * acting deputy clerk, Clarence T. Kimble, their absence in the service of our country has caused confusion in the clerk's office * * *"; (3) that more grand jury veniremen were selected from some wards than from others; and (4) that there were no present criminal matters for investigation by the grand jury or for trial by petit jury.

It is declared in the Code of Criminal Procedure that *"it shall not be sufficient cause * * * to set aside the venire* [selected for any session of the court], * * * *because of any * * * defect or irregularity in the manner of selecting the jury, or in the composition, summoning or proceedings of the Jury Commission, unless some fraud has been practiced or some great wrong committed that would work irreparable injury; * * *."* Article 203. This court in the recent case of State v. Pierre, 198 La. 619, 3 So.2d 895, 897, quoting with approval from Section 411, Vol. 1, Marr's Criminal Jurisprudence, 2d Ed., 624, declared that *" 'In the absence of proof of fraud or designed discrimination, it is to be presumed that the jury-commissioners in making up the jury lists performed* their duties within the spirit of the law, * * *.' " (Italics and brackets ours.) See, also, State v. Guirlando, 152 La. 570, 93 So. 796; State v. Bagwell, 154 La. 980, 98 So. 549; State v. Jenkins, 160 La. 757, 107 So. 564; State v. Courtney, et als., 170 La. 314, 127 So. 735.

The decisions in the cases of State v. Kellogg, 104 La. 580, 29 So. 285; State v. Ramoin, 160 La. 850, 852, 107 So. 597, cited by counsel for the respondent in their brief do not support respondent's contention. The pertinent facts in those cases are identical. The trial judge upon learning that the jury panel had been drawn by an illegally constituted jury commission quashed the same, ex proprio motu, and ordered a new panel drawn, and the defendant when brought before the bar for trial moved to quash the new panel. The court, in sustaining the trial judge's action overruling the motion, said that if the first panel had been challenged, the trial judge would have had to discharge the same, consequently, he properly quashed the panel and ordered a new one drawn, for said this court "it would be absurd *and improper* for a judge, knowing that a panel of jurors *must* be discharged if challenged, to waste the court's time and the people's money *waiting* for the challenge which he knows he must sustain." Continuing, the court declared in its opinion "but even had the judge erred in discharging the panel, it would still avail the defendant *nothing;* for 'parties have no right to a trial by any particular juror or jurors, but only to a trial by a competent and impartial jury.' " State v. Ramoin, 160 La. 850, 107 So. 597, 598.

It is our opinion, therefore, that the reasons assigned by the respondent judge for his action in executing the order complained of here are neither legal nor sufficient to warrant his action.

For the reasons assigned, it is ordered, adjudged, and decreed that the order of

Oliver S. Livaudais, Sr., as judge of the Twenty-Fifth Judicial District Court, dated September 28, 1942, quashing and setting aside the grand and petit jury venires for the Parish of Plaquemines, be annulled and set aside.

It is further ordered that the alternative writs of mandamus and prohibition issued herein be made absolute and, accordingly, let a writ of mandamus issue to Honorable Oliver S. Livaudais, Sr., directing him, as the Judge of the Twenty-Fifth Judicial District Court, State of Louisiana, to proceed with the orderly impaneling of a grand jury for the Parish of Plaquemines, and of petit juries in the cases triable by jury during the October criminal term of court from the grand jury and petit jury venires selected by the jury commission for that parish on July 10, 1942, all in accordance with law; and let a writ of prohibition issue to the said Oliver S. Livaudais, Sr., prohibiting him from interfering with the orderly impaneling and functioning of said grand and petit juries. All costs of this proceeding to be borne by the respondent.

O'NIELL, C. J., is of the opinion that the relator has no right of action to prevent the judge from quashing the general venire of grand and petit jurors for causes which he deems sufficient, especially where there is no showing of willful wrongdoing on the part of the judge, or of injustice or injury to any one.

ROGERS, J., absent.