State vs. Sterling.

## No. 1,326.

### THE STATE OF LOUISIANA VS. WILLIAM STERLING.

1. Failure of the clerk to qualify as jury commissioner, is fatal to indictments and other proceedings of the jury drawn by such commissioner, if seasonably urged; but, under Sec. 11. of the Act 44 of 1877, such objection must be urged at the first day of the term. Failure to urge on such day may be excused when circumstances render it impossible to do so, and also when the defect was not discovered until after the first day; but in the latter case, prompt action is required after discovery, and delay and laches in urging the objection will bar the right to urge it.
2. Various charges of errors considered and overruled.

APPEAL from the Fourteenth District Court, Parish of Calcasieu. *Reed*, J.

---

*J. C. Gibbs*, District Attorney, for the State, Appellee.

---

*A. R. Mitchell* and *D. B. Gorham* for Defendant and Appellant:

ON MOTION TO QUASH.

The acts of the clerk as a jury commissioner, not having qualified as such, are null and void, and vitiates all proceedings in which he participated as jury commissioner. Act No. 44 ·of 1877, Sec. 3, p. 56, approved March 8th, 1877 ; State vs. Williams, 30 Ann. 1028 ; State vs. Vance, 31 Ann. 398 ; State vs. Bradley, 32 Ann. 402.

The evidence of the clerk is admissible to show that he did not qualify as jury commissioner.

ON MOTION FOR A NEW TRIAL.

Hearsay testimony is inadmissible. The best evidence that the nature of the case admits, should always be offered. 1 Greenleaf Ev., Secs. 82 and 84.

It is error first to admit improper and hearsay testimony, and then charge the jury to ignore the same. 2 Vol. Graham & Waterman, on new trials, pp. 615 and 616.

The fact that the Court instructed the jury that hearsay testimony was admitted only for a particular purpose, does not make said testimony less objectionable. 2 Graham & Waterman, on new trials, pp. 615, 616 and 631.

If the relation existing between the accused and the Waters, Pierce Oil Company, grew out of an agreement entered into two years previous to the accusation, and that the agreement entered into at said time was never changed nor altered, then it was competent for the

accused to show what that contract or agreement was, so as to negative the charge of felonious appropriation. 2 Bishop, Cr, Prac., Sec. 336 ; 2 Russell, 453, 456 and 459.

"If, instead of denying the appropriation of the money, the party, in rendering his account, admits it, alleging a right in himself, however unfounded, or setting up an excuse, however frivolous, he cannot be convicted of embezzlement, which implies secrecy and concealment; even though he afterwards absconds and not pay over the money." 2 Bishop Cr. Prac., Sec. 336.

It was error to confine the accused in his explanation of his transactions with the Waters, Pierce Oil Company to the particular time of the three Norris drafts. He should have been permitted, in his defence, to unfold all the transactions had with said company. Bell's case, 2 Russell, Sec. 453, and also Secs. 456 and 459.

The opinion of the Court was delivered by

FENNER, J. A preliminary question arises in this case under a motion to quash the indictment, on the ground that the clerk of the court, who served as a member of the jury commission which drew the panel from which the grand jury finding this indictment, was selected, had not qualified as jury commissioner.

Such a defect, urged seasonably and properly, is fatal to the indictment and to all other proceedings of the jury drawn by such an imperfect commission. State vs. Williams, 30 Ann. 1028 ; State vs. Revels, 31 Ann. 387 ; State vs. Vance, 31 Ann. 398 ; State vs. Bradley, 32 Ann. 402 ; State vs. Conway, 35 Ann. 350 ; State vs. Strickland, 41 Ann. 513.

But Section 11 of Act 44 of 1877, declares that " all objections to the manner of drawing juries, or to any defect or irregularity that can be pleaded against any array or venire, must be urged on the first day of the term, or all such objections shall be considered as waived and shall not afterwards be urged."

This statute applies to the defect here pleaded, as well as to all others, and imposes upon the accused, who desires to avail himself thereof, the necessity of urging it on the first day of the term, when that is possible. We have held, however, that the statute does not require impossibilities. Hence we said in Vance's case, above cited, that the limitation could not apply to juries only drawn after the first day of term, or to defendants whose offenses were committed and who were indicted during the term, and who were brought to trial during the term. So, in Strickland's case, on like reasons, we held that when the accused was ignorant of the defect and urged it with due diligence as soon as discovered, his objection would not be shut out by the limitation of the statute.

In this case, defendant was indicted on December 1st, 1837, for an offense committed in the previous October. He was arraigned and duly pleaded to the indictment on December 12, 1887.

The motion to quash was only filed in February, 1889. The motion set forth no excuse for the untimely filing. It did not allege prior ignorance and recent discovery of the defect. Obviously nothing in the motion exempted it from the operation of the statute, and, under the plain terms thereof, the judge was not only authorized, but bound, to overrule it, and the correctness of his ruling in so doing, cannot be questioned.

After the motion to quash had been thus properly overruled, defendant filed a motion to re-open the motion to quash, with the view of proving his prior ignorance of the defect pleaded as an excuse for the untimeliness of his plea.

We cannot say the judge erred in refusing this motion. There must be an end to such questions. There was no good reason why the proper ground should not have been laid in the original motion to quash.

The whole complaint of defendant in this matter is purely technical, accompanied by no suggestion of resulting wrong or injury.

He who seeks to take advantage of technical fault, stands in no case to ask indulgence for his own shortcomings.

Moreover, the record discloses that the defect was discovered and publicly known, prior to the November term of 1888, at which the venire of jurors was quashed and set aside on that very ground.

Nothing in the affidavit or evidence taken under defendant's motion establishes that he did not then become cognizant of the defect. He was bound to act promptly on such discovery. In permitting the November term to pass without action; in making an insufficient motion at the February term; and in applying to re-open and amend his motion only at the ensuing April term — defendant was guilty of such laches as cannot be excused and closes his mouth from complaint.

The record presents sundry bills of exception taken in the course of the trial, to the rulings of the judge in the admission or rejection of testimony, and the same rulings were assigned as grounds for new trial.

1. The defendant objected to the admission of the following statement by a witness: "We had written letters and drawn three drafts on W. B. Norris by our bookkeeper, payable to our agent, Wm. Sterling, and forwarded them to him for collection," the objection being on the ground that the letters and drafts themselves were the best evidence. The objection would have had merit, had the evidence gone to establish the contents of the drafts and letters, but the judge properly states that the evidence was only as to the facts of the writing, drawing and forwarding, for which purpose it was clearly competent.

2. It is equally clear that the judge's reasons for excluding evidence

State vs. Sterling.

as to the nature of the dealings between defendant and the Waters, Pierce Oil Company, in the matter of goods consigned, are good. Defendant was prosecuted for the embezzlement of funds collected on certain particular drafts remitted to him by the Oil Company, as agent. The judge rightly held that testimony going to show that certain consignments of oil were made to defendant as a merchant, and not as an agent, was irrelevant, because, as he says, dealings of two merchants in oil would not be a defense to embezzlement of money collected on drafts remitted for collection.

The judge further held that no proper foundation had been laid for such evidence, which is explained by further statements of the judge in support of other similar rulings. He says he never held that defendant could not establish that the dealings between him and the Oil Company were exclusively as between merchants, but only held that proof as to an agreement that such should be the nature of the dealing in the matter of the consignment and sale of merchandise, was irrelevant, without first showing that the collection of drafts was covered by the same agreement. He says that he ruled that defendant could show the terms of any agreement, as the basis of the relations between him and the Oil Company, provided such agreement or relations were shown to cover and embraced the collection of drafts, but that, in absence of such showing, the testimony as to their dealings in other matters, was irrelevant. As we are bound to assume from the judge's statement that the defendant made no such showing, we cannot hold that the judge erred.

This covers the matter of several bills.

3. The objections to the testimony of the witness Finley, as to the destruction of drafts, was sustained by the judge and the jury instructed to disregard the statement. Defendant certainly cannot complain that his own objection was sustained.

4. Another similar objection was overruled in regard to certain drafts, for the reason stated by the judge, that defendant had himself elicited from the witness, on cross-examination, a statement as to the destruction of these drafts, and, on that ground, the State was permitted, on re-examination, to explain the statement.

5. An objection having been made to the admission of a certain document, on the ground that no foundation had been laid connecting the accused with same, the judge, in admitting it, remarked that " evidence tending to show the identity of possession had been introduced," to which remark the defendant objected as being a commentary on the facts; whereupon, the judge instructed the jury to disregard the remark. The remark is not a commentary on the evidence, as to its weight

or effect, but simply states that evidence of the kind had been introduced, leaving the jury to determine its value.

We think the remark operated no prejudice to the defendant, especially in view of the judge's statement.

6. The objection to proof of copy of a letter on the ground that it was not the best evidence, in absence of proof that the original had been lost or destroyed, is shorn of force by the statement of the judge as to the foundation which had been laid for the introduction of the copy, showing that the copy had been made from the original and had been critically compared with it by witness; that due effort had been made to obtain the original, which was traced to the possession of a party who had left the State, to whom application had been made for it in vain. We think the foundation was sufficient.

Nothing in the bill indicates any deficiency of proof as to the genuineness of the original.

We have critically examined all the numerous errors assigned, and fail to find any of them well grounded.

Judgment affirmed.