State vs. Taylor.

No. 10,897.

THE STATE OF LOUISIANA vs. WILLIE TAYLOR.

A motion made at the same term of court in which the indictment was found, before arraignment, to quash the indictment for irregularities in drawing the jury, is seasonably made. In such a case the defendant could not file a motion on the first day of the term.

Defects in the drawing of the jury can not be taken advantage of, unless it appears that some fraud had been practiced, or some great wrong committed, in the drawing and summoning of the jury, that would work a great and irreparable injury to the defendant. Section 10, Act 77 of 1877.

This act refers to and embraces the irregularities committed by the commission When a person not a jury commissioner intrudes upon their deliberations, and takes part in them, this will vitiate the proceedings, and the *venire* drawn shouldbe set aside.

APPEAL from the Twenty-fifth District Court, Parish of Lafayette. Mouton, J.

*W. H. Rogers*, Attorney General, for the State, Appellant.

*Jos. A. Chargois*, *Wm. Campbell*, *Crow Girard*, and *L. J Tansey*, for Defendant and Appellee.

The opinion of the court was delivered by

McENERY, J.   The defendant was indicted for murder, and the indictment was returned and filed in court on the 8th October, 1891. On the next day, October 9, the defendant was called for arraignment.   His counsel objected and asked for time in order to file a plea for the defence, if necessary.   The motion was overruled.   On the 14th of October he filed a motion to quash the indictment for irregularities in the drawing of the jury, which presented the indictment.

For some of the irregularities alleged the indictment was quashed. The State has appealed.

The Attorney General urges that the motion was filed too late, and ought to have been filed in accordance with Section 11 of Act 44 of 1877, on the first day of the term.

In the case of State vs. Sterling, 41 An. 680, we held that the State did not require impossibilities.   The jury was drawn after the first day of the term, and the indictment presented at the same term of

·court. It was, therefore, impossible for the accused to file his objection to the irregularity of drawing of the jury on the first day of the term. He asked for time to prepare for his defence, when arraigned on the day following the finding of the indictment. The motion was overruled.

The judge assigned as his reasons therefor · that, if after examining the indictment, the defendant desired to file any plea, he would permit him to withdraw his plea to the arraignment.

The motion to quash was filed on the 14th October, of the same term, only six days after the defendant was indicted.

He has brought himself within the exception, which relieved him from filing his plea on the first day of the term. He filed the plea seasonably, as the defect did not appear upon the face of the papers or proceedings, and could only have been discovered after the first day of term. If indicted at the same term of the court for which the jury is drawn, the defendant can, before arraignment at the same term, file his objection to the. irregularity in the drawing of the jury. State vs. Williams, 30 An. 1028; State vs. Vance, 31 An. 398; State vs. Bradley, 32 An. 402; State vs. Thompson, 32 An. 879; State vs. Conway, 35 An. 350; State vs. Strickland, 41 An. 514; State vs. Sterling, 41 An. 679.

In Section 10 of Act 44 of 1877, it is provided that no defect, or irregularity, in the drawing of the jury, or the summoning of it, shall be sufficient cause to set aside the *venire*, unless it appear that some fraud has been practiced, or some great wrong committed in the drawing of and the summoning of the jury.

There were gross irregularities in drawing the jury. The clerk omitted to perform the duties specially assigned to him under the act, and the box was not of that kind, provided with lock and key, as the law directs.

But these were irregularities only, and it is not shown that they were done for the purpose of injuring the defendant, or with any fraudulent intent, or that some great wrong had been done him.

It is essential to show these facts in order to set aside the indictment—for such irregularities as are alleged.

The irregularities, however, embraced within the meaning of Section 10 of Act 44 of 1877, refer to those committed by the jury commissioners. Where a person not a commissioner intrudes himself upon their deliberations and does acts which it is their duty to

perform, these acts are not those of the commissioners, but of one who has no authority to perform them, and are absolutely null and void.

The record discloses the fact that one Gustave Lacoste was permitted to participate in the proceedings of the jury commission, and the name of one of the jurors was not written by any member of the commission, but by him.

It is the duty of the clerk or a member of the jury commission to perform the official acts in the drawing of the jury assigned to him by Act 44 of 1877, and we again reiterate what we said in relation to his duties, in the case of State vs. Conway, 35 An. 350.

Judgment affirmed.