On Rehearing.
O’NIELL, J.
[6] The rehearing granted in this case was restricted to the motion to quash the indictment. The motion was based upon the allegation that one of the members of the jury commission that drew the grand jury that indicted the defendant had not taken the oath required by law, and that the grand jury was therefore not legally constituted. In the original opinion rendered in this ease, it was said that the motion to quash the indictment, being an objection to the manner of drawing the grand jury, and having been filed after the first day of the term of the district court, came too late. The ruling was based upon a provision in the Act No. 44 of 1877. That statute was expressly repealed and superseded by the Act No. 89 of 1894, the tenth section of which retained the provision that all objections to the manner of selecting juries or to any defect or irregularity that could be pleaded to the array or venire should be urged on the first day of the term, or the objection would *567 be considered waived. The latter statute was, in turn, expressly repealed and superseded by tlie Act No. 99 of 1896, the eleventh section of which retained the provision that objections to the manner of selecting juries or to any defect or irregularity that might be pleaded to the array or venire should be urged on the first day of the term, or such objections would be considered waived. The latter statute was expressly repealed and superseded by the Act No. 135 of 1898, the sixteenth section of which provides that objections to the manner of selecting or drawing the jury or to any defect or irregularity that can be pleaded against the array or venire must be urged before entering upon the trial of the case, otherwise all such objections shall be considered waived. Under that provision of the law, the motion to quash the indictment was filed in time and must be considered. The ruling, apparently to the contrary, in State v. Sterling, 41 La. Ann. 679, 6 South. 583, was rendered in 1889, in accord with the statute of 1877.
[7] Our opinion is that the motion to quash the indictment was not well founded. Before the jury commission selected the 20 names from which the grand jury was drawn, the district judge appointed a new member of the jury commission to succeed one who had died. At the same time he reappointed the other four members of the commission to succeed themselves. The newly appointed member and three of the four who had been reappointed qualified under the new appointments by taking the constitutional oath. One of the members who had been reappointed, who had taken the oath and was duly qualified under his first appointment, did not take the oath again after having been reappointed. The contention of the learned counsel for the defendant is that the reappointment of the jury commissioner to succeed himself vacated his first appointment, and the office then remained vacant until he again took the constitutional oath under the new appointment. Article 172 of the Constitution provides that all officers, except in case of impeachment or suspension, shall continue to discharge the duties of their offices until their successors shall have been inducted into office. Under that provision of the Constitution, the jury commissioner who was reappointed to succeed himself was authorized and required to continue to discharge the duties of his office under his first appointment until he, ás his own successor, qualified by taking the oath under his new appointment, unless his new appointment to succeed himself is to be regarded as a suspension from office under his first appointment. We do not think it can be so regarded. In the interest of an orderly administration of public affairs, the purpose of article 172 of the Constitution is to prevent a vacancy in a public office by authorizing and requiring all officers, whose terms of office have expired, or who have resigned, and whose successors have been appointed, except, of course, officers who have been impeached or suspended from office, to continue to discharge the duties of their offices until their successors are qualified and inducted into office. In that sense, it cannot be said that an officer who has been appointed to succeed himself was thereby suspended from office and reappointed. As there was no interregnum or vacancy in the office, there was no suspension of the official from office. So long as the jury commissioner who was reappointed to succeed himself had not qualified and been inducted into office under his new appointment, he was authorized and required by the Constitution to discharge the duties of the office under his first appointment.
The judgment and decree heretofore rendered in this case is reinstated and' made final.