O’NIELL, Chief Justice
 

 (dissenting)’.
 

 The court is not called upon now to decide whether the jury commission failed to place the names of negroes on the list from which the judge selected the grand jury that indicted the defendant in this case, — or to decide whethfer the jury commission by discriminating in that way denied the defendant the equal protection of the laws, in violation of the Fourteenth Amendment of the Constitution of the United States, and of the Act of Congress of March 1, 1875, 18 Stat. at L. 336, 8 U.S.C.A. § 44. The trial judge denied the defendant the right to urge that plea, on the ground that he had waived the right by failing to make the plea before the expiration of the third day after the end of the six-months term of the grand jury that indicted him. The only question before us, therefore, is whether the judge was right or wrong in refusing to hear the defendant’s plea that he was denied the equal protection of the laws; and that question depends upon whether the judge was right or wrong in construing the phrase “before the expiration of the third judicial day of the term” as meaning “before the expiration of the third judicial day after the end of the 'term”.
 

 The phrase “before the expiration of the third judicial day of the term”, in article 202 of the Code of Criminal Procedure, is the time limit in which an objection to any defect or irregularity affecting a whole jury venire or array must be pleaded, otherwise all such objections shall be considered as waived and shall not be heard. The article of the Code provides:
 

 “All objections to the manner of selecting or drawing any juror or jury or to any defect or irregularity that can be pleaded against any array or venire must be filed, pleaded, heard, or urged
 
 before the expiration of the third judicial day of the term for which said jury shall have been
 
 drawn, or before entering upon the trial of the .case if it be begun sooner; otherwise, all such objections shall be considered as waived and shall not afterwards be urged or heard.” [The italics are mine.]
 

 Heretofore this court has held consistently that the expression “before the expiration of the third judicial day of the term for which said jury shall have ■been drawn” means before the end of the third judicial day counting from the be
 
 *61
 
 ginning of the term — not from the expiration of the term — for which the jury shall have been drawn. Accordingly, if a defendant has been indicted, or if a bill of information has been filed against him, before the beginning of the jury term in which he is to be tried, and if he has any objection to the manner of selecting or drawing the jury venire or list from which the jury is to be impaneled for the trial of his case, he must file his objection “before the expiration of the third judicial day of the term for which said jury shall have been drawn, or before entering upon the trial of the case if it be begun sooner.” The expression “if it be begun sooner” means if the trial be begun sooner than the expiration of the third judicial day of the term for which the jury shall have been drawn.
 

 It is not impossible — or even unlikely— for a trial to “be begun sooner” than the expiration of the third judicial day of the term for which the jury was drawn, if the defendant was already indicted or if a bill of information was filed before the term began — or “before the expiration of the third judicial day of the term for which said jury shall have been drawn”. That was the case in State v. Smothers, 168 La. 1099, 123 So. 781, 783. He was indicted before the beginning of the term for which the jury that tried him was drawn. He filed a motion to quash the petit jury venire on the ground that there were less than 300 names in the general venire box when the jury venire was drawn. But he neglected to file his motion before the expiration of the third judicial day of the term for which the jury had been drawn, as required by Article 202 of the Code of Criminal Procedure. For that reason it was held that the motion came too late. The court declared:
 

 “Bill No.' 2 was reserved to the overruling of a motion to quash the petit jury venire. This motion is based upon the same grounds alleged in the motion to quash the indictment. The trial judge’s reason for overruling this motion is because it was not filed timely, as provided by article 202 of the Code of Criminal Procedure. For this and the reasons we have given in our consideration of bill No. 1, the ruling, complained of in this bill, is correct.
 

 “In this case the indictment was returned into court before the criminal term at which the trial was had begun [began]. We think article 202, Code Cr. Proa, applies to such a case. Whether or not it can be held to apply to indictments returned during the progress of a criminal ■ term is a question which we are not now called upon to decide. It seems, however, that article 287, Code Cr. Proa, might be invoked in a case of that kind.”
 

 In the present case the so-called “third judicial day rule” is not applicable to the defendant’s objection to the manner of selecting or drawing the jury venire or array, from which the grand jury was selected that indicted the defendant; and the reason why the “third judicial day” rule is not applicable to the defendant’s objection to the grand jury that indicted him is that the third judicial day of the term for which the grand jury was drawn had passed before the defendant was in-
 
 *63
 
 dieted, — and in fact this third judicial day of the term for which the grand jury was drawn had passed before the date of the alleged crime.
 

 In the Parish of Orleans there are two grand-jury terms in each year, each term lasting six months. According to article 196 of the Code of Criminal Procedure the jury commissioners, together with the sheriff, draw from the jury wheel, containing not less that 1,000 names, the names of not less than 75 persons, twice in each year, that is, not earlier than the 15th nor later than the 20th of February, and not earlier than the 15th nor later than the 20th of August, of each year; and on the next legal day following the drawing, the 75 names are submitted by the jury commissioners to the presiding judge of the section of the Criminal District Court whose turn it happens to be to impanel the incoming grand jury for the
 
 6
 
 months term; and the judge then selects from the list of 75 names 12 persons to constitute the grand jury for the next ensuing term of six months. In the present instance the crime is said to have been committed on June 2,5, 1942; the indictment was returned on August 20, 1942; the grand jury that returned the indictment commenced its term on March 2, 1942, and the term expired on September 8, 1942, when the succeeding grand jury was impaneled and commenced its term. Therefore it is not possible to apply to this case the provision in article 202 of the Code of Crimin'al Procedure, that the defendant’s objection to the manner of selecting or drawing the jury venire or array, from which the grand jury which indicted him was impaneled, must be, considered as having been waived by his failure to file the objection before the expiration of the third judicial day of the term for which the grand jury which indicted him was drawn. The third judicial day of the term for which the grand jury was drawn had expired, not only at the time when the grand jury indicted the defendant but even at the time when the crime is said to have been committed.
 

 The trial judge made the “third judicial day” limitation upon the defendant’s right to object to the manner of selecting or drawing the jury venire applicable to the defendant’s case by giving the article a meaning which, in my humble opinion, the phraseology does not justify. I cannot see how the phrase “the third judicial day of the term” can mean “the third judicial day”
 
 after the expiration of the term,.
 

 In the annotations under article 202 in Dart’s edition of the Code of Criminal Procedure appears this note:
 

 “The law does not require impossibilities, and thus the ‘third judicial day’ rule does not apply when the crime was committed or the indictment found after said day. State v. Vegas, 19 La.Ann. 105; State v. Texada, 19 La.Ann. 436; State v. Vance, 31 La.Ann. 398; State v. Simmons, 43 La.Ann. 991, 10 So. 382; State v. Taylor, 43 La.Ann. 1131, 10 So. 203; State v. Clavery, 43 La.Ann. 1133, 10 So. 203.
 

 “The ‘third judicial day’ rule does not apply when the irregularity was. not known either to accused or to his counsel until after said day. State v. Strickland, 41
 
 *65
 
 La.Ann. 513, 6 So. 471; State v. Hinson 42 La.Ann. 941, 8 So. 471; State v. Oliver, 42 La.Ann. 943, 8 So. 471; State v. Robertson, 50 La.Ann. 1101, 24 So. 138.”
 

 The reason for the so-called “third judicial day” rule is that it would hamper the administration of justice if a defendant could wait until a jury term is well advanced, and until other persons have been indicted by the grand jury and tried by the petit juries drawn or selected from the venire complained of, before urging his complaint. For that reason the so-called “third judicial day” rule is applicable more often to objections to the venire from which the petit jury is to be drawn than to objections to the venire from which the grand jury was drawn. Whether this “third judicial day” rule would be applicable to an objection to the grand jury in a case where the defendant is indicted before the expiration of the third judicial day of the term for which the grand jury that indicted him was drawn is a matter which does not concern us in this case, because, in fact, the defendant was not indicted before the expiration of the third judicial day of the term for which the grand jury that indicted him was drawn, and hence the “third judicial day” rule cannot possibly be applied to the objection to the grand jury in this case.
 

 Article 202 of the Code of Criminal Procedure, apparently, is applicable as well to the Criminal District Court for the Parish of Orleans as it is to the District Courts in the other parishes. Previous to the adoption of the Code of Criminal Procedure the statutes limiting the time in which a defendant might object to the manner of selecting or drawing a jury venire were not applicable to both the Criminal District Court for the Parish of Orleans and the District Courts in the other parishes. The first statute on that subject, applicable only to the Criminal District Court for the Parish of Orleans, was Act No. 170 of 1894, amending and re-enacting Section 2 of Act No. 98 of 1880, organizing the Criminal District Court for the Parish of Orleans, as established by Article 130 of the Constitution of 1879. The closing sentence in that section of the act, as amended, was as follows:
 

 “All objections to the manner of drawing juries or to any defect or irregularities that can be pleaded against any array or venire must be urged within the first three judicial days of the term for which said Jury was drawn, ' or all such objections shall be considered as waived and shall not afterwards be urged.”
 

 The phrase which we have just quoted, “within the first three judicial days of the term” was only another way of saying “before the expiration of the third judicial day of the term”, — as it is expressed now in Article 202 of the Code of Criminal Procedure.
 

 In the closing sentence in Section 2 of Act No. 114 of 1921, Ex.Sess., reorganizing the Criminal District Court for the Parish of Orleans, as established by sections 82 to 86 of Article VII of the Constitution of 1921, the limitation on the time in which to file objections to the
 
 *67
 
 selecting or drawing of a jury venire was expressed thus:
 

 “No objection to the manner of drawing any juror, or jury, and no defect or irregularity set up against any array or' venire may be filed, pleaded, heard or urged after the expiration of the third judicial day of the term for which said jury shall have been drawn.”
 

 That was only another way of saying that all objections to any defect or irregularity in the selecting or drawing of any jury venire or array must “be filed, pleaded, heard or urged” before the expiration of the third judicial day of the term. It is obvious that this provision in Section 2 of Act No. 114 of 1921, Ex.Sess., was the pattern for the drafting of article 202 of the Code of Criminal Procedure, because the following arrangement of words is exactly the same in the two statutes: “be filed, pleaded, heard or urged”. Hence the decisions referring to the so-called “third judicial day” rule in Act No. 170 of 1894, and the decisions referring to the “third judicial day” rule in Act No. 114 of 1921, are applicable as well to article 202 of the Code of Criminal Procedure as to the statutes mentioned in those decisions.
 

 The earliest statute that we have found on this subject, applicable only to the district courts in the other parishes, and expressly excepting the Parish of Orleans, is Section 3 of Act No. 243 of 1855, p. 299, which was retained as Section 3 of the Revised Statutes of 1856, title “Juries”, page 296; which reads as follows:
 

 “All or any objections which might or could be made on account of any defects or informality which may have occurred either in the formation, drawing, or summoning of Jurors, or any other defect whatsoever, in the construction of said Juries, shall be made on the first day of the term of said District Court, and not afterwards.”
 

 The next statute on the subject, applicable only to the district courts in the country parishes, and expressly excepting the Parish of Orleans, is Section 11 of Act No. 44 of 1877, p. 58, which provided:
 

 “That all objections to the manner of drawing juries, or to any defect or irregularity than [that] can be' pleaded against any array or vehire, must be urged on the first day of the term, or all such objections shall be considered as waived, and shall not afterwards be urged.”
 

 That section of the Act of 1877 was retained as section 10 of the Act No. 89 of 1894, page 124, without any change whatever except that the phrase “manner of drawing juries” was changed to “manner of selecting juries”. And this section was retained, without any change whatsoever, as section 11 of Act No. 99 of 1896, page 149.
 

 The next statute on this subject, applicable only to the district courts in the country parishes, and expressly excepting the Parish of Orleans, was Act No. 135 of 1898, the 16th section of which provided:
 

 “That all objections to the manner of selecting or drawing the jury or to any defect or irregularity that can be pleaded against any array or venire must be urged before entering on the trial of the case; otherwise, all such objections shall be con
 
 *69
 
 sidered as waived and shall not afterwards be urged or heard.”
 

 In State v. Texada, 19 La.Ann. 436, decided in August 1867, and referring' to the act of 1858, it was said:
 

 “Where the offence charged in the indictment was committed on the first day of the term, it is impossible for the accused to file his objections to the mode of drawing the jury on the first day of the term; in such cases the objections may be made afterwards.”
 

 In State v. Vance, 31 La.Ann. 398, decided in 1879, it was declared:
 

 “Section eleven of the act No. 44 of the year 1877 which requires all objections to the manner of drawing venires to be made on the first day of the term of court, does not apply to juries drawn after the first day of the term, or to persons indicted during the term for an offense committed after the first day of the term.”
 

 In State v. Strickland, 41 La.Ann. 513, 6 So. 471, decided in 1889, under Act No. 44 of 1877, it was held that a motion to quash an indictment because of a defect in the drawing of the jury venire might be filed at any time before the trial because the defect was not known by the accused or his counsel on the first day of the term or before he was arraigned.
 

 In State v. Sterling, 41 La.Ann. 679, 6 So. 583, the court affirmed the ruling in the Vance case that, under Section 11 of Act No. 44 of 1877, “the limitation could not a,pply to juries only drawn after the first day of term, or to defendants whose offenses were committed, and who were indicted, during the term, and who were brought to trial during the term.” The court affirmed also the ruling in the Strickland case.
 

 In State v. Simmons, 43 La.Ann. 991, 10 So. 382, 383, the court again affirmed the ruling in the Vance case, 31 La.Ann. 398, and the ruling in the Sterling case, and the ruling in the Strickland case. Referring to Section 11 of Act No. 44 of 1877, the court declared:
 

 “The letter of the statute is very peremptory that all objections to the array or venire ‘must be urged on the first day of the term, or all such objections shall be considered as waived, and shall not after-wards be urged.’ We have, however, held that the statute does not require impossibilities, and have recognized certain cases to which it could not be applied. State v. Sterling, 41 La.Ann. 679, 680, 6 So. 583; State v. Strickland, 41 La.Ann. 513, 6 So. 471; State v. Vance, 31 La.Ann. 398.”
 

 In State v. Taylor, 43 La.Ann. 1131, 10 So. 203, the questions being identical with those in State v. Clavery, 43 La.Ann. 1133, 10 So. 203, the court assigned the reason for judgment in the Taylor case as its reason in this case, and, referring to Section 11 of Act No. 44 of 1877, it was said:
 

 “If indicted at the same term of the court for which the jury is drawn, the defendant can, before arraignment, at the same term 'file his objection to the irregularity in the drawing of the jury.”
 

 In State v. White, 193 La. 775, 192 So. 345, 347, decided in October, 1939, the defendant, who was a negro, was indicted on
 
 *71
 
 October 18, 1935, for murdering a white man on September 14, 1935, and immediately fled from justice and remained a fugitive until December 21, 1938, when he was arrested. He was arraigned on February 9, and his case was set for trial for March 2, 1939. He went to trial on that day without making any complaint about the grand jury or the jury venire, and was convicted. Thereafter, in a motion for a new trial, he pleaded — -as the defendant pleads in this case — that by a systematic exclusion of negroes from the general venire from which was drawn the grand jury that indicted him he was denied the equal protection of the laws, in violation of the Fourteenth Amendment of the Constitution of the United States, of the Act of Congress of March 1, 1875, 8 U.S.C.A. § 44, and of section 2 of article 1 of the Constitution of Louisiana. The trial judge ruled that the complaint came too late, because it was not filed before the trial of the case. This court affirmed the ruling, saying:
 

 “All such matters cannot be raised for the first time after conviction in a motion for a new trial. Articles 202, 253, 284, 286, and 287 of the Code of Criminal Procedure”, et cetera.
 

 And, again, after explaining that the attórney for White was mistaken about the holding in a certain case that was cited, this court declared: “He is equally mistaken about the time limit for the filing of a motion to quash the indictment, because, under the express provisions of the Code of Criminal Procedure, a motion to quash, the indictment may be made at any time before the trial of the case. Articles 202 and 253; State v. Thomas, 141 La. 560, 75 So. 241; 1 Marr’s Criminal Jurisprudence; 425, page 648.”
 

 The significant feature of the decision in State v. White is that no one suggested that White was too late for having failed to file his objection to the jury venire before the expiration of the third judicial day after the end of the term for which the grand jury that indicted him was drawn. The dates given in the report of the case show that the six months’ term of the grand jury that indicted White must have expired more than two years before he was tried. Hence, if the interpretation which is given to article 202 of the Code of Criminal Procedure in the present case, is the correct interpretation, White was not only too late for having failed to file his objection before entering upon the trial of his case, but he was more than two years too late, for having failed to file the objection before the expiration of the third judicial day after the end of the term of the grand jury that indicted him.
 

 The interpretation which the trial judge has given to article 202 of the Code of Criminal Procedure in this case is expressed on the 19th page of the prevailing opinion [14 So.2d 881] thus: “the defendant would be granted the full remainder of the grand jury term during which he was indicted and three full judicial days in addition thereto to file such objections and pleas, unless the State placed him upon trial before that period of time had elapsed under which circumstances he would have to file such objections and pleas
 
 *73
 
 before entering upon the trial of the case”. Likewise, on the 20th page of the prevailing opinion [14 So.2d 882] the State’s interpretation, which is now' adopted by a majority of the members of this court, is expressed thus: “that a defendant has until three judicial days after the expiration of the term of the jury to file such objections”, et cetera.
 

 Article 202 of the Code of Criminal Procedure is dealt with in the prevailing opinion in this case as if the article conferred a right or privilege upon the defendant. On the contrary, the article imposes a
 
 limitation
 
 upon the right of a defendant to object to a defect in the drawing or selection of a jury venire. It is called a “limitation” in State v. Sterling, 41 La.Ann. 679, 6 So. 583. The limitation, as expressed in the article, is not applicable to this case; but the trial judge has made the limitation applicable to this case by giving the limitation a meaning which its wording does not express, and thus has denied the defendant the right even to make the objection that he was denied the equal protection of the laws.
 

 The trial judge has not given any reason —and I cannot imagine any good reason— why the lawmaker should have intended that the time limit on the right of a defendant to object to a defect in the method by which the jury venire was selected or drawn should extend beyond the end of the term for which the jury was drawn. -Why should there be a limitation of three judicial days if the three judicial days are not to commence until the jury has become functus officio ? Such a construction of the “third judicial day” rule really leads to strange consequences when it is applied to an objection to a defect in the selection or drawing of the petit jury venire, because it is not possible that the trial of any case should not have been “begun sooner” than the third judicial day after 'the expiration of the term for which the petit jury was drawn. I respectfully submit'therefore that the construction which the trial judge has given to the so-called “third judicial day” rule, in this case, is not only contrary to the wording of the statute — and contrary to the jurisprudence on the subject — but is in fact an impossible construction.
 

 Articles 253, 284, 286 and 287 of the Code of Criminal Procedure, requiring that motions to quash an indictment must be_. filed before the trial begins, and for some causes before arraignment, have reference to defects in an indictment not founded upon a defect or an irregularity in the selecting or drawing of the venire.
 

 When the attorneys for the defendant in this case relied upon our previous rulings that, in the circumstances of this case, they might file their objection at any time before entering upon the trial of the case, there was nothing in any statute or in the jurisprudence on the subject to suggest to them that their objection might “be considered as waived” if they did not file it before the expiration of the third judicial day after the end of the six months’ term for which the grand jury that indicted the defendant was drawn.
 

 Considering that article 202 of the Code of Criminal Procedure applies not only to the Criminal District Court for the Parish of Orleans but also to the district courts in
 
 *75
 
 all other parishes in the state, I apprehend that the affirmance of the ruling of the trial judge in this case will be confusing to the district judges and district attorneys and to the lawyers generally who practice criminal law in this state.
 

 My opinion is that the second bill of exception in this case also presents a serious complaint, but the ruling on this bill is not of such general importance as • the ruling on the first bill of exception!